1  JODI SIEGNER, Bar No. 102884
   Email Address: jsiegner@deconsel.com
2  a member of
   DeCARLO & SHANLEY,
3  a Professional Corporation
   533 S. Fremont Avenue, Ninth Floor
4  Los Angeles, California 90071-1706
   Telephone (213) 488-4100
5  Telecopier (213) 488-4180

6  Attorneys for Plaintiffs, CARPENTERS
   SOUTHWEST ADMINISTRATIVE CORPORATION
7  and BOARD OF TRUSTEES FOR THE CARPENTERS
   SOUTHWEST TRUSTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST AMERICAN MILLWORK, INC., doing business as AMERICAN MILLWORK COMPANY, a Nevada corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS |

**CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE**

**BENEFIT CONTRIBUTIONS)**

**JURISDICTION**

1.  This is a civil action to recover fringe benefit contributions. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.

## PARTIES AND OTHERS

2. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California. CSAC's principal place of business is in the County of Los Angeles, State of California.

3. At all relevant times herein, the BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly authorized and acting trustees of those ERISA Trust Funds defined in paragraph six.

4. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are also authorized agents to act on behalf of the remaining Funds and entities (defined in paragraph nine) with respect to these delinquencies. CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS are sometimes collectively referred to as PLAINTIFFS.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to PLAINTIFFS, who therefore sue the defendants by such fictitious names, and PLAINTIFFS will amend this complaint to show their true names and capacities when the same has been ascertained.

6. At all relevant times the Southern Nevada Carpenters Annuity Trust, Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

7. At all relevant times Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist

pursuant to section 302 of the LMRA, 29 U.S.C. §186, and are multiemployer plans within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

8. At all relevant times the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter-Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

9. At all relevant times the Carpenters-Contractors Cooperation Committee ("CCCC"), was and is a non-profit California corporation which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

10. CSAC is the administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter-Management Relations, and the Carpenters-Contractors Cooperation Committee, and the Grievance Obligation Trust Fund (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

11. The duly authorized and acting trustees or directors of each of the PLANS have also assigned to CSAC all their right, title and interest in and to any and all amounts due and owing to the respective PLANS by the employer as herein alleged.

12. Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America are labor organizations that are a party to the collective bargaining

3

agreements involved.

13. At all relevant times, employer, FIRST AMERICAN MILLWORK, INC., doing business as AMERICAN MILLWORK COMPANY, a Nevada corporation, and DOES 1 through 10, ("EMPLOYER") was and is a Nevada corporation and contractor engaged in the construction industry within the jurisdiction of the UNIONS.

## OPERATIVE ALLEGATIONS

14. On or about the dates set forth thereon, EMPLOYER made, executed and delivered to the UNION, a MEMORANDUM AGREEMENT and a MEMORANDUM OF UNDERSTANDING. Said agreements are hereby referred to as "MEMORANDUM AGREEMENTS". True and correct copies are attached hereto, marked respectively as Exhibit "1" and incorporated herein by reference.

15. The MEMORANDUM AGREEMENTS bind EMPLOYER to the terms and conditions of the Master Labor Agreement between the Nevada Chapter of Associated General Contractors of America and the Southwest Regional Council and Affiliated Local Unions (previously known as the Southern California-Nevada Regional Council of Carpenters) of the United Brotherhood of Carpenters and Joiners of America, dated July 1, 1998, and any renewals or subsequent Master Labor Agreements, and the PLANS' agreements and any amendments, modifications, extensions, supplementations or renewals of the PLANS' agreements. The agreements referred in this paragraph are collectively referred to as "AGREEMENTS". The PLANS are third party beneficiaries of the MEMORANDUM AGREEMENTS.

16. The AGREEMENTS require EMPLOYER to pay fringe benefit contributions at the rates set forth therein for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

17. The AGREEMENTS require EMPLOYER to make the fringe benefit contributions by way of Employer Monthly Reports ("REPORTS") to the PLANS at their place of business in Los Angeles, California, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid. Further, the AGREEMENTS specifically provide that the venue of an action to recover delinquent fringe benefit contributions shall be in the County of Los Angeles.

18. In acknowledging both that the regular and prompt payment of employer contributions is essential to the maintenance of the PLANS, and the extreme difficulty, if not impracticability, of fixing the actual expense and damage to the PLANS when such monthly contributions are not paid when due, the AGREEMENTS provide that the amount of contractual damages to the PLANS resulting from a failure to pay contributions when due shall be presumed to be the sum of $30.00 per delinquency or 10 percent of the amount of the contributions due, whichever is greater. This amount shall become due and payable to CSAC as liquidated damages in addition to the unpaid contributions or contributions paid late.

19. EMPLOYER engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertaken by EMPLOYER during the term of the AGREEMENTS.

20. EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS. There is now due and owing to the PLANS from EMPLOYER the amounts as set forth in Exhibits "2".

21. The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER business records if an audit by the PLANS indicates that EMPLOYER failed to report and pay all contributions.

22. The PLANS have conducted an Audit as set forth in Exhibit "3", which

indicate that EMPLOYER failed to report and pay all contributions owed during this time period. A copy of the Audit Invoice (social security numbers redacted) dated September 20, 2014 and Revised date of December 1, 2014, is attached as Exhibit "3".

23. It has been necessary for PLAINTIFFS to engage counsel to bring this action to compel compliance with the AGREEMENTS, and to recover the attorneys' fees and the costs for which EMPLOYER is liable pursuant to the AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).

24. The PLANS have complied with all conditions precedent.

25. EMPLOYER is delinquent in contributions in a further sum, the exact amount of which is unknown to PLAINTIFFS, and PLAINTIFFS will move to amend this complaint when the true amount of the fringe benefit contribution delinquency is determined.

26. CSAC has, concurrently with the filing of this complaint, served a copy of same upon the Secretary of Labor and Secretary of the Treasury.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

**FOR PLAINTIFFS' CLAIM FOR RELIEF**
**(DAMAGES FOR FAILURE TO PAY FRINGE**
**BENEFIT CONTRIBUTIONS)**

1. For contributions in the sum of $254,440.43;

2. For interest and liquidated damages, as provided in the AGREEMENTS;

3. For audit costs;

4. For a statutory amount equal to the greater of the interest on unpaid contributions which were owing as of the time of the filing of the complaint herein (at the rate prescribed by law), or liquidated damages as provided in the AGREEMENTS, in an amount to be determined.

///

5. For reasonable attorneys' fees;

6. For costs of this action;

7. For further contributions according to proof; and

8. For such other and further relief as the court deems proper.

Dated: August 23, 2016

DeCARLO & SHANLEY,
a Professional Corporation

By: _____
JODI SIEGNER
Attorneys for Plaintiffs,
CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION and
BOARD OF TRUSTEES FOR THE
CARPENTERS SOUTHWEST TRUSTS